45809.   SCHUE v. THE STATE.

Hall, Presiding Judge. Defendant appeals from his conviction for motor vehicle theft on the ground that the circumstantial evidence upon which the conviction was based did not exclude every other reasonable hypothesis except his guilt.

Briefly, the State introduced the following evidence: Defendant worked for an automobile dealer and had expressed an interest in buying an Oldsmobile on the lot. At some time on a Thursday night this auto was taken and one set of keys was also missing. The police were notified on Friday morning. On Satur-

day, a local farmer saw two cars drive down a dead-end road behind his field and a few minutes later, one car, with two occupants, came out. He investigated and found an automobile parked in the woods which was later identified as the missing Oldsmobile. He called the police who came out and took it away. Soon after, two boys came by and inquired from him what had happened to the car in the woods. (He was unable to positively identify either one as the defendant). He took the tag number of the car the boys were driving and reported it to the police. Shortly after, a sheriff spotted this car (a Pontiac) in a nearby town and picked up defendant who was driving it and in whose name it was registered. The sheriff testified that defendant told him that a certain Jerry Manning had stolen the car. Manning testified that he was questioned by the sheriff but had a satisfactory alibi for the time of the theft and stated under oath he had not taken the car. One Ronald Johnson testified that defendant had asked him to help transfer the engine from an Oldsmobile he had parked out in the country to his Pontiac, but when they arrived at the place the car was not there. After making inquiries from a farmer, they returned to town where they were stopped by the sheriff. Defendant's case consisted of his unsworn statement that he did not steal the car.

The conviction is warranted under this evidence.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
SUBMITTED JANUARY 11, 1971—DECIDED JANUARY 25, 1971.

*Zorn & Royal, J. Kenneth Royal,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.